UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. COLES, | Civil Action No. 23-3883 (SDW-MAH) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| RICHARD ANDREWS, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about July 20, 2023, Plaintiff John M. Coles, a pretrial detainee confined in Atlantic County Justice Facility in Mays Landing, New Jersey, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  (ECF No. 1).

2. On August 25, 2023, the Honorable Robert B. Kugler granted Plaintiff's corrected IFP application under 28 U.S.C. § 1915(a).  (ECF No. 6.)

3. Because Plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2

6. The defendants named in the complaint are two Atlantic City Police Detectives, Richard Andrews ("Andrews") and Avette Harper ("Harper") and Plaintiff's criminal defense attorney, Durann Neil, Esq., ("Neil"). (ECF No. 1.)

7. Plaintiff alleges that on September 8, 2017, Andrews and Harper conspired to falsify an affidavit in support of a warrant to search Plaintiff. The false statement in the search warrant affidavit claimed that "D.S.," who was later identified as Darah Smith, was Plaintiff's co-defendant in a police investigation involving Plaintiff's sale of cocaine to D.S. Plaintiff alleges Andrews knew Smith was never charged as his co-defendant, she was charged in a separate case. Harper conducted the search of Plaintiff, but the complaint does not indicate the result of the search. Andrews repeated the false statement about D.S. in a complaint summons for Plaintiff's arrest. Plaintiff's defense attorney, Neil, allegedly conspired with Andrews and Harper to hide discovery material that would have exonerated Plaintiff or would have shown there was no probable cause for his arrest. The sole claim asserted against Neil is conspiracy to violate his civil rights. Specifically, Plaintiff alleges Neil "misled the court to believe Dara Smith was a co-defendant, when she was never an accomplice." Plaintiff alleges he spent five years in prison as a result of the constitutional violations by the Defendants. He seeks compensatory and punitive damages.

8. Affording Plaintiff, as a pro se litigant, liberal construction of the complaint,[1] the Court construes the complaint to allege Defendants Andrews and Harper conducted an unreasonable search of Plaintiff, falsely arrested Plaintiff in violation of the Fourth Amendment, falsely imprisoned Plaintiff in violation of the Fourteenth Amendment, maliciously prosecuted Plaintiff

---

[1] "The obligation to liberally construe a pro se litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citations omitted).

in violation of the Fourth Amendment; and Defendants, including Neil, conspired with each other to violate Plaintiff's civil rights.

9. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

10. On the face of the complaint, Plaintiff's false arrest, false imprisonment and conspiracy claims, which accrued in 2017, appear to be barred by the two-year statute of limitations. *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 n. 4 (3d Cir. 1998) ("a section 1983 claim arising in New Jersey has a two-year statute of limitations.")

11. Even assuming Plaintiff has a basis for tolling the statute of limitations, he has failed to plead sufficient facts to state a plausible claim for relief. "A section 1983 plaintiff who challenges the validity of a search warrant by asserting that law enforcement agents submitted a false affidavit … must prove, by a preponderance of the evidence, (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause. *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997) (citing *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978) (additional citations omitted)). Plaintiff has not asserted how the alleged false statement is material to a finding of probable cause. To state a claim, Plaintiff must provide more facts about the affidavit supporting the search warrant, and what knowledge Andrews and Harper had of Plaintiff's criminal activity. It is not clear, solely from the allegations in the complaint, how the fact that D.S. was charged separately

4

rather than as Plaintiff's co-defendant, presumably for a drug transaction, is material to the probable cause determination to search Plaintiff. Plaintiff fails to state a Fourth Amendment unreasonable search claim.

12. "The proper inquiry in a section 1983 claim based on false arrest ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (citing *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Id.* at 636 (citation omitted). Plaintiff has not identified the specific crime(s) underlying his arrest or the reasons the arresting officers believed he had committed the offense(s). With so few facts, the Court cannot determine whether the officers had probable cause to arrest Plaintiff. Therefore, Plaintiff fails to state false arrest and false imprisonment claims against Andrews and Harper.

13. To prevail on a Fourth Amendment malicious prosecution claim under section 1983, a plaintiff must establish that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) *see also Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989)). Plaintiff alleges he served five years in prison as a result of Defendants' misconduct. Plaintiff has not alleged that the criminal proceeding ended in his favor, nor has he alleged sufficient facts to suggest Defendants

5

initiated the proceeding without probable cause and did so for a purpose other than bringing Plaintiff to justice. Therefore, he fails to state a malicious prosecution claim.

14. Furthermore, Plaintiff's allegation of a civil rights conspiracy fails to state a claim because Plaintiff did not plead any facts that would allow the Court to conclude the defendants came to an agreement to conduct an unreasonable search or falsely arrest, imprison and maliciously prosecute Plaintiff. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.")

15. In conclusion, this Court will grant Plaintiff's IFP application and dismiss his complaint without prejudice for failure to state a claim upon which relief may be granted. If Plaintiff can cure the deficiencies in his claims, he may file an amended complaint.

An appropriate order follows.


Dated: _____July 19_____, 2024

_____
Hon. Susan D. Wigenton,
United States District Judge